UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AFTERMATH CLEANING COMPANY, INC.,

  Plaintiff,

v.

AFTERMATH, INC.,

  Defendant.

CIVIL ACTION NO. _____

COMPLAINT AND REQUEST
FOR JURY TRIAL

RECEIPT # 65142
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 6-22-05

MAGISTRATE JUDGE _____

## INTRODUCTION

The Plaintiff, Aftermath Cleaning Company, Inc. ("Aftermath"), is a company that specializes in cleaning and restoring bio-hazard sites at trauma and crime scenes. Aftermath has been in business since on or before February 1999 using the trademark "AFTERMATH," and provides services primarily in Massachusetts, Rhode Island, Connecticut, and New Hampshire. The trademark "AFTERMATH" is distinctive and is associated with one source, the Plaintiff, in each of those states. The Defendant, Aftermath, Inc., is an Illinois-based company which also specializes in the cleaning and restoring of crime and trauma scenes. The Defendant recently began conducting business in Massachusetts, Rhode Island, Connecticut, and New Hampshire using the Plaintiff's trademark, "AFTERMATH." The Defendant's activities have caused, and likely will continue to cause, substantial consumer confusion and harm to the Plaintiff's business. Based on its prior use of the mark, the Plaintiff seeks, in this action, to prevent the infringement of its trademark, and to recover its damages and costs. Furthermore, because the Defendant knew of the Plaintiff's use of the "AFTERMATH" mark at the time that it applied for a federal trademark registration, and falsely represented to the United States Patent and

1

Trademark Office that no one else had the right to use the mark, the Plaintiff seeks cancellation of the Defendant's federal registration of the mark.

## PARTIES AND JURISDICTION

1. Aftermath Cleaning Company, Inc. is a corporation organized and existing under the laws of Massachusetts with a principal place of business in Easton, Massachusetts.

2. Aftermath, Inc. is a corporation organized and existing under the laws of Illinois with a principal place of business in Plainfield, Illinois.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1338(a) and (b), 28 U.S.C. § 1367(a) and 28 U.S.C. § 2201.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this jurisdiction.

## FACTS

5. Aftermath (the Plaintiff) is a company that specializes in cleaning and restoring bio-hazard sites at trauma and crime scenes. The Plaintiff provides services primarily in Massachusetts, Rhode Island, Connecticut, and New Hampshire.

6. The Plaintiff has been continuously using the trademark "AFTERMATH" in commerce since at least February 1999. Since then, the Plaintiff has spent considerable time, effort, and expense promoting its name and services to potential customers, including police departments and other organizations. As a result of its efforts, the Plaintiff enjoys an excellent reputation in the industry for its services and business goodwill.

7. The name "AFTERMATH" is well known, readily recognized, and distinctive, and customers in Massachusetts, Rhode Island, Connecticut, and New Hampshire associate it with only one source – Aftermath Cleaning Company, Inc.

8. The Defendant, Aftermath, Inc., is an Illinois-based company that also specializes in sanitization, removal, and disposal at crime and trauma scenes.

9. The Defendant filed for a federal trademark registration for "Aftermath" on February 4, 2002, and received such registration on April 15, 2003. See United States Patent and Trademark Office ("USPTO") Registration Number 2,706,559.

10. In connection with the Defendant's application for a federal registration, on September 24, 2002, the Defendant's attorney sent a letter to the Commissioner for Trademarks at the USPTO, containing the following declaration: "to the best of my knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive…" A true and accurate copy of the letter is attached hereto as Exhibit A. The Defendant knew that this declaration was untrue at the time it was made. The Defendant knew of the existence of the Plaintiff and the Plaintiff's use of the trademark "AFTERMATH" at the time it made this declaration.

11. According to its federal filing, the Defendant claims that its first use of the name "Aftermath" in commerce was on April 20, 1999. However, the Plaintiff believes that until recently, the Defendant did not use the name "Aftermath" in Massachusetts, Rhode Island, New Hampshire or Connecticut.

12. In each of those states, the Plaintiff is the senior user of the mark "AFTERMATH." The Plaintiff began its use of the "AFTERMATH" mark in Massachusetts, Rhode Island, Connecticut, and New Hampshire prior to the Defendant's filing for or obtaining its federal registration or using the term "AFTERMATH" in those states.

13. The Defendant recently expanded its business to Massachusetts, Rhode Island, Connecticut, and New Hampshire, states in which the Plaintiff was already operating and using the "AFTERMATH" mark. There are already multiple instances of customers and potential customers of the Plaintiff becoming confused because of the similarity in the parties' names.

## COUNT I
(Trademark Infringement – Lanham Act – 15 U.S.C. §1125(a))

14. The Plaintiff incorporates by reference paragraphs 1 through 13 as if separately set forth herein.

15. The Plaintiff uses "AFTERMATH" as a trademark for the Plaintiff's services in Massachusetts, Rhode Island, Connecticut, and New Hampshire.

16. The Plaintiff used "AFTERMATH" as a trademark before the Defendant began to market and provide services in Massachusetts, Rhode Island, Connecticut, and New Hampshire.

17. The Defendant has adopted and is using a business and domain name confusingly similar to the Plaintiff's trademark in these states.

18. By adopting and using the Plaintiff's "AFTERMATH" mark in these states, the Defendant is making a false express and/or implied representation that its services are from or associated with the Plaintiff.

19. The Defendant's conduct has caused and likely will continue to cause consumer confusion, including, without limitation, confusion as to the Defendant's affiliation, connection, or association with the Plaintiff.

20. The Defendant's conduct constitutes false descriptions or designations of origin within 15 U.S.C. §1125(a).

21. The Defendant willfully intends to trade on the Plaintiff's reputation.

22. The Defendant's conduct has caused, and likely will continue to cause, substantial and irreparable injury and harm to the Plaintiff's reputation as well as economic damages. Unless enjoined, the Defendant will likely continue its conduct.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT II
(Common Law Trademark Infringement)

23. The Plaintiff incorporates by reference paragraphs 1 through 22 as if separately set forth herein.

24. The Plaintiff first used the trademark "AFTERMATH" in connection with the provision of services in commerce on or before February 1999, and has been using it in commerce consistently since then.

25. In Massachusetts, Rhode Island, Connecticut, and New Hampshire, the "AFTERMATH" trademark is associated with the Plaintiff and the services that the Plaintiff provides.

26. The Defendant knew of the Plaintiff's trademark, and intentionally and willfully copied it in an attempt to appropriate for itself the goodwill associated with the mark.

27. The Defendant's use of "Aftermath" in connection with its virtually identical business is being confused and is likely to continue being confused with the "AFTERMATH" trademark held by the Plaintiff.

28. The Defendant's actions constitute common law trademark infringement.

29. The Defendant's actions have caused and will cause the Plaintiff substantial and irreparable injury, loss of reputation and economic damages. Unless enjoined, the Defendant will likely continue these acts.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT III
(Declaratory Judgment pursuant to 28 U.S.C. § 2201)

30. The Plaintiff incorporates by reference paragraphs 1 through 29 as if separately set forth herein.

31. As specifically set forth herein, there is an immediate actual controversy between the parties about the use of the "AFTERMATH" mark.

32. Both the Plaintiff and the Defendant have an interest in the dispute that exists between the parties.

33. The Plaintiff has the right to the "AFTERMATH" mark in Massachusetts, Rhode Island, Connecticut, and New Hampshire, based on its good faith prior use of the mark in those states.

34. The Defendant has used and will likely, if not enjoined, continue to use the mark "AFTERMATH" in connection with its company, Aftermath, Inc., in the states in which the Plaintiff has established its right to the "AFTERMATH" mark.

35. The Defendant used the Plaintiff's mark, has caused confusion, will likely continue to cause consumer confusion, and will infringe and/or dilute the Plaintiff's trademark.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT IV
(Palming Off)

36. The Plaintiff incorporates by reference paragraphs 1 through 35 as if separately set forth herein.

37. By using the Plaintiff's "AFTERMATH" mark in states in which the Plaintiff has senior rights, the Defendant has intentionally attempted to trade on the Plaintiff's good will and reputation.

38. The Defendant's acts and conduct have caused and are likely to continue to cause customer confusion as to the source of the Defendant's services.

39. The Defendant's acts and conduct as set forth herein constitute tortious palming off.

40. The acts and conduct of the Defendant as described herein have caused and will continue to cause the Plaintiff substantial and irreparable injury, harm to its reputation, and economic damage. Unless enjoined, the Defendant will likely continue its conduct.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT V
(Trademark Dilution pursuant to M.G.L. c. 110B, §12)

41. The Plaintiff incorporates by reference paragraphs 1 through 40 as if separately set forth herein.

42. The Plaintiff's "AFTERMATH" mark is distinctive in the geographical areas in which it operates – Massachusetts, Rhode Island, Connecticut, and New Hampshire.

43. The Defendant's use of the Plaintiff's mark has caused and is likely to continue to cause dilution and tarnishment of the Plaintiff's trademark.

44. The Defendant's conduct has caused and will continue to cause substantial and irreparable injury and harm to the Plaintiff's reputation, dilution to the Plaintiff's trademark, and economic damages. Unless enjoined, the Defendant will likely continue its conduct.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT VI
(Unfair Competition – State Law)

45. The Plaintiff incorporates by reference paragraphs 1 through 44 as if separately set forth herein.

46. In Massachusetts, Rhode Island, Connecticut and New Hampshire, the Plaintiff began using the "AFTERMATH" trademark in commerce prior to the Defendant's use or registration of the term "Aftermath" in those states.

47. The Defendant's use of "Aftermath" in connection with its business in those states is likely to be confused with the "AFTERMATH" trademark held by the Plaintiff.

48. Accordingly, the Plaintiff is entitled to an injunction enjoining the Defendant from any further use of the "AFTERMATH" mark in connection with its business or services in Massachusetts, Rhode Island, Connecticut, and New Hampshire.

49. By using the "AFTERMATH" mark, the Defendant is intentionally attempting to trade on the Plaintiff's good will and reputation.

50. The acts and conduct of the Defendant as described herein have caused and will cause the Plaintiff substantial and irreparable injury, harm to its reputation, and/or dilution of the trademark. Unless enjoined, the Defendant will likely continue its conduct.

WHEREFORE, the Plaintiff requests the relief set forth below.

### COUNT VII
(Fraudulent Procurement of a Trademark Registration – 15 U.S.C. § 1051(a)(3))

51. The Plaintiff incorporates by reference paragraphs 1 through 50 as if separately set forth herein.

52. The Defendant applied for a federal trademark registration of "Aftermath" on February 4, 2002. In support of the Defendant's application, on September 24, 2002, the Defendant's counsel, on behalf of the Defendant, declared to the USPTO that "to the best of my knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce…"

53. At the time of this declaration, the Plaintiff was already using the "AFTERMATH" mark in commerce, and the Defendant was aware of this fact.

54. Through his declaration, the Defendant deliberately attempted to mislead the USPTO into registering the "Aftermath" mark for the Defendant.

55. Because the Defendant's federal registration of the mark "Aftermath" was obtained by means of a false representation and because the Plaintiff's right to the "AFTERMATH" trademark is senior to the Defendant's in Massachusetts, Rhode Island, Connecticut, and New Hampshire, it must be cancelled.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT VIII
(Violation of M.G.L. c. 93A)

56. The Plaintiff incorporates by reference paragraphs 1 through 55 as if separately set forth herein.

57. The Defendant's acts and conduct, as described herein, have occurred in the conduct of trade or commerce primarily and substantially in Massachusetts.

58. The Defendant's acts and conduct, as described herein, are unfair and deceptive business practices proscribed by M.G.L. c. 93A.

59. The Defendant's conduct has caused and will continue to cause the Plaintiff substantial and irreparable injury, harm to its reputation, and economic damages. Unless enjoined, the Defendant will likely continue its conduct.

WHEREFORE, the Plaintiff requests the relief set forth below.

## PRAYERS FOR RELIEF

1. On Counts I, II, and IV through VIII, enter a preliminary injunction enjoining the Defendant from using the term "Aftermath" or any other phrase confusingly similar to

"Aftermath" in its name or in connection with its business in Massachusetts, Rhode Island, Connecticut, and New Hampshire; and

    2.    On Counts I, II, and IV through VIII, award judgment in favor of the Plaintiff and enter a permanent injunction enjoining the Defendant from using the term "Aftermath" or any other phrase confusingly similar to "Aftermath" in its name or in connection with its business in Massachusetts, Rhode Island, Connecticut, and New Hampshire; and

    3.    On Counts I, II, and IV through VIII, enter judgment in favor of the Plaintiff and issue an injunction requiring the Defendant to post a prominent disclaimer on its website, www.aftermathinc.com, stating that the Defendant's business and services are in no way affiliated with those of the Plaintiff, and providing a link for customers who are seeking access to the Plaintiff's website, www.aftermathcleaning.com; and

    4.    On Counts I, II, IV, and VI through VIII, enter judgment in favor of the Plaintiff awarding damages in an amount to be determined, multiplied as appropriate, plus punitive damages, costs, interest and fees; and

    5.    On Count III, enter judgment in favor of the Plaintiff declaring that: (a) the Plaintiff has senior rights to the "AFTERMATH" trademark in Massachusetts, Rhode Island, Connecticut, and New Hampshire based on first use in those jurisdictions; (b) the Defendant's use of the term "Aftermath" in connection with its business in those jurisdictions is likely to be confused with the Plaintiff's trademark, and (c) the Defendant's use of the term "Aftermath" in connection with its business in those jurisdictions will infringe and dilute the Plaintiff's trademark; and

    6.    On Count VII, enter judgment in favor of the Plaintiff, canceling the Defendant's federal registration of the trademark "AFTERMATH"; and

7.   Award such other and further relief as the Court deems just and proper.

THE PLAINTIFF REQUESTS A JURY TRIAL ON ALL CLAIMS.

Respectfully submitted,

AFTERMATH CLEANING COMPANY, INC.

By its attorneys,

*/s/ Samantha L. Gerlovin*
Brenda M. Cotter (#548004)
Samantha L. Gerlovin (#652389)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

Dated:  June 22, 2005

# 1366179 v2 - GERLOVSL - 025173/0001

11

# LAVELLE LEGAL SERVICES, LTD.
ATTORNEYS AND FINANCIAL COUNSELORS
208 SOUTH LA SALLE STREET
SUITE TWELVE HUNDRED
CHICAGO, ILLINOIS 60604-1003
TELEPHONE (312) 332-7555
FACSIMILE (312) 332-4083
WWW.LAVELLELAW.COM

WEST SUBURBAN:
1035 SOUTH YORK ROAD
BENSENVILLE, ILLINOIS 60106
TELEPHONE (630) 238-8616

KERRY M. LAVELLE
TIMOTHY M. HUGHES

THEODORE M. McGINN
MATTHEW J. SHEAHIN

N. W. SUBURBAN:
2200 W. HIGGINS, SUITE 115
HOFFMAN ESTATES, ILLINOIS 60195
TELEPHONE (847) 882-4224

NORTH SUBURBAN:
560 OAKWOOD, SUITE 101
LAKE FOREST, ILLINOIS 60045
TELEPHONE (847) 482-9740

September 24, 2002

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
United States Patent and
Trademark Office
Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia   22202-3513
Attn:  James Bruno

          Re:  Serial Number: 76/366432
               Applicant: Aftermath, Inc.
               Mark: Aftermath

Dear Mr. Bruno:

    As you are aware, we are the attorneys representing Aftermath, Inc.  On September 3, 2002, you sent notice to our offices concerning their application for registration of the trademark "Aftermath".  Enclosed is a copy of your correspondence.  We are writing to amend the prior application in accordance with your correspondence.

Declaration

    The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declare that I am properly authorized to execute this application on behalf of the applicant; I believe the applicant to be the owner of the trademark sought to be registered; that the mark is in use in commerce and was in use in commerce on or in connection with the services listed in the application as of the application filing date; to the best of my knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be

September 25, 2002
Page 2

likely, when used or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of my own knowledge are true and all statements made on information and belief are believed to be true.

       Aftermath, Inc.

       _____
       By: Chris Wilson
       Its: President

  Should you have any questions, or need any further information concerning this amendment or the application, please do not hesitate to contact me.

       Sincerely,
       LAVELLE LEGAL SERVICES, LTD.

       Theodore M. McGinn

TMM:lh
Aftermath, Inc.
1682.002
C158\aftermath3.ltr

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Aftermath Cleaning Company, Inc.

**DEFENDANTS**
Aftermath, Inc.

**(b)** County of Residence of First Listed Plaintiff  Bristol, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Will County, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brenda Cotter
Samantha L. Gerlovin   (617) 856-8200
Brown Rudnick Berlack Israels LLP, One Financial
Center, Boston, MA 02111

Attorneys (If Known)
05-11302 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits |  / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C., Sec. 1125
Brief description of cause:
Trademark infringement and related claims

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND$ Preliminary and permanent injunction cancellation of mark, and damages (unspecified)
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  June 22, 2005
SIGNATURE OF ATTORNEY OF RECORD  Samantha L. Gerlovin

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Aftermath Cleaning Company, Inc. v. Aftermath, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.
   - [ ]  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.
   - [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   **None.**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Brenda Cotter, Brown Rudnick Berlack Israels, LLP**
ADDRESS   **One Financial Center, Boston, MA 02111**
TELEPHONE NO.   **617-856-8200**

(CategoryForm.wpd - 5/2/05)