UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

AFTERMATH CLEANING COMPANY, )
INC., )
    Plaintiff, )    PLAINTIFF'S MOTION FOR A
v. )    PRELIMINARY INJUNCTION
 )
AFTERMATH, INC., )
    Defendant. )
 )

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the plaintiff, Aftermath Cleaning Company, Inc. moves for a preliminary injunction against the defendant, Aftermath, Inc. Specifically, the plaintiff requests that the Court:

    1.    Enjoin the defendant from using the term "Aftermath" or any other phrase confusingly similar to "Aftermath" in its name or in connection with its business in Massachusetts, Rhode Island, Connecticut, and New Hampshire (the "New England States");

    2.    Require the defendant to provide immediate written notice to every entity to whom it directed advertising under the name "Aftermath" in the New England States that it is not associated with Aftermath Cleaning Company, Inc. based in Easton, Massachusetts and that it has been preliminary enjoined from using the name "Aftermath" in connection with its business in the New England States;

    3.    Require the defendant to post a prominent notice on the home page of its website, www.aftermathinc.com, stating that the defendant's business and services are in no way affiliated with Aftermath Cleaning Company, Inc. of Easton, Massachusetts, that the defendant has been preliminary enjoined from doing business in the New England States under the name Aftermath, and providing a link for customers who are seeking the plaintiff to its website at www.aftermathcleaning.com; and

    4.    Require the defendant to notify any person or entity calling it for jobs in the New England States that: Aftermath, Inc. is based in Illinois, that Aftermath, Inc. is not associated with Aftermath Cleaning Company, Inc. based in Easton, Massachusetts and that Aftermath, Inc. has been enjoined from doing business in the New England States under the name "Aftermath."

1

In support of its motion, the plaintiff states as follows:

1. The plaintiff is a company that specializes in cleaning and restoring bio-hazard sites at trauma and crime scenes. The plaintiff has been in business since on or before February 1999 using the trademark "AFTERMATH," and provides services primarily in Massachusetts, Rhode Island, Connecticut, and New Hampshire (the "New England States"). The trademark "AFTERMATH" is distinctive and associated with one source, the Plaintiff, in each of those states.

2. The defendant is an Illinois-based company which also specializes in the cleaning and restoring of crime and trauma scenes. The defendant filed for a federal trademark registration for "Aftermath" on February 4, 2002, and received such registration on April 15, 2003. According to its federal filing, the defendant claims that its first use of the name "Aftermath" in commerce was on April 20, 1999. However, the defendant did not begin conducting business in the New England States using the plaintiff's mark until recently.

3. The plaintiff is the senior user of the "AFTERMATH" mark in the New England States; the plaintiff began its use of the "AFTERMATH" mark in the New England States prior to the defendant's filing for or obtaining its federal registration or using the term "AFTERMATH" in those states.

4. The defendant's activities have already resulted in multiple instances of actual consumer confusion, and likely will, if permitted to continue, cause additional substantial consumer confusion and harm to the plaintiff's business and reputation.

5. Based on the plaintiff's senior rights to the "AFTERMATH" mark, the plaintiff seeks a preliminary injunction to prevent the further infringement of its "AFTERMATH" trademark by the defendant.

6.  The plaintiff notified the defendant of its infringement on the plaintiff's mark in a cease and desist letter dated June 22, 2005, but the defendant has not agreed to discontinue its use of the plaintiff's trademark in the New England States.

7.  The plaintiff is likely to succeed on the merits of its claims against the defendant.

8.  The plaintiff will suffer severe and irreparable harm if this motion is not granted.

9.  The balance of harms and the public interest weigh in the plaintiff's favor.

In further support of its motion, the plaintiff refers the Court to its Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction and the affidavits of Michael Wiseman, Mary Lou Walker Seitz, Stephen Raymond and Brenda Cotter, submitted herewith. The plaintiff respectfully requests that this Court grant it a preliminary injunction and grant it such other and further relief as is just and appropriate under the circumstances. A copy of a proposed Order is attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

AFTERMATH CLEANING COMPANY, INC.

By its attorneys,

*Samantha L. Gerlovin*
Brenda M. Cotter (#548004)
Samantha L. Gerlovin (#652389)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

Dated: July 27, 2005

3

## CERTIFICATE OF SERVICE

I, Samantha L. Gerlovin, counsel for the plaintiffs, do hereby certify that on this day, July 27, 2005, I served a copy a copy of the foregoing Plaintiff's Motion for a Preliminary Injunction by First Class Mail and Federal Express to counsel for the defendant:

> Edward F. Perlman, Esq.
> Wolf, Greenfield & Sacks, P.C.
> 600 Atlantic Ave.
> Boston, MA 02210-2266
>
> Michael A. Hierl, Esq.
> Olson & Hierl, Ltd.
> 20 N. Wacker Drive
> 36th Floor
> Chicago, IL 60606

*Samantha L. Gerlovin* (signature)
Samantha L. Gerlovin

Dated: July 27, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br> Plaintiff, <br> v. <br><br> AFTERMATH, INC., <br> Defendant. | ) <br> ) <br> )    PRELIMINARY INJUNCTION <br> ) <br> ) <br> ) <br> ) <br> ) |

      In connection with the Motion of the Plaintiff, Aftermath Cleaning Company, Inc., for a Preliminary Injunction against the Defendant, Aftermath, Inc., dated July 27, 2005 ("Motion"), it is hereby ORDERED, ADJUDGED AND DECREED that:

      1.    The defendant is enjoined from using the term "Aftermath" or any other phrase confusingly similar to "Aftermath" in its name or in connection with its business in Massachusetts, Rhode Island, Connecticut, and New Hampshire (the "New England States");

      2.    The defendant is required to provide immediate written notice to every entity to whom it directed advertising under the name "Aftermath" in the New England States that it is not associated with Aftermath Cleaning Company, Inc. based in Easton, Massachusetts and that it has been preliminary enjoined from using the name "Aftermath" in connection with its business in the New England States;

      3.    The defendant is required to post a prominent notice on the home page of its website, www.aftermathinc.com, stating that the defendant's business and services are in no way affiliated with Aftermath Cleaning Company, Inc. of Easton, Massachusetts, that the defendant has been preliminary enjoined from doing business in the New England States under the name Aftermath, and providing a link for customers who are seeking the plaintiff to its website at www.aftermathcleaning.com; and

      4.    The defendant is required to notify any person or entity calling it for jobs in the New England States that: Aftermath, Inc. is based in Illinois, that Aftermath, Inc. is not associated with Aftermath Cleaning Company, Inc. based in Easton, Massachusetts and that Aftermath, Inc. has been enjoined from doing business in the New England States under the name "Aftermath."

      The plaintiff is not required to post a bond in connection with obtaining this Preliminary Injunction. This Preliminary Injunction shall remain in full force and effect until further order of this Court.

Dated: _____

                                        _____
                                        District Judge Nancy Gertner

                                        _____
                                        Attest: Clerk

# 1378836 v1 - GERLOVSL - 025173/0001