UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br>         Plaintiff, <br><br>     v. <br><br> AFTERMATH, INC., <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 05-11302-NG <br> ) <br> ) <br> ) |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
OF DEFENDANT AFTERMATH, INC.**

Defendant, Aftermath, Inc., files its Answer to the Complaint of Plaintiff, Aftermath Cleaning Company, Inc., and generally denies each and every allegation stated in Plaintiff's Complaint except those allegations specifically admitted herein. For further answer, Defendant answers and avers as to each numbered paragraph as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 6.

7. Admitted that the mark AFTERMATH is well known, readily recognized, and distinctive to consumers of Defendant's services. To the extent the averment alleges any other facts, they are denied.

8. Admitted that Defendant is an Illinois corporation that performs sanitation, removal, and disposal services at crime and trauma scenes. To the extent the averment alleges any other facts, they are denied.

9. Admitted.

10. Admitted that the Defendant was aware of Plaintiff as "Aftermath Cleaning Company, Inc." and that a declaration was filed by the Defendant with the United States Patent and Trademark Office. The Court is respectfully referred to the quoted document for a complete and accurate description of its contents. Defendant denies the remaining allegations of Paragraph 10.

11. Admitted that Defendant claimed a date of first use in commerce of the AFTERMATH mark of April 20, 1999. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of what the Plaintiff believes and therefore denies the remaining allegations of Paragraph 11.

12. Denied.

13. Admitted that Defendant expanded its business to Massachusetts, Rhode Island, Connecticut, and New Hampshire. Denied that there are multiple instances of customer confusion. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 13.

14. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-13 inclusive of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 15.

16. Denied.

17. Denied. Defendant states further in support of Count I of the Counterclaims that Plaintiff's wrongful use and misappropriation of Defendant's mark AFTERMATH in connection with Plaintiff's services creates a likelihood of confusion, mistake, or deception with the consuming public of Defendant's services.

18. Denied.

19. Denied. Defendant states further in support of Count I of the Counterclaims that Plaintiff's wrongful use and misappropriation of Defendant's mark AFTERMATH in connection with Plaintiff's services creates a likelihood of confusion, mistake, or deception with the consuming public of Defendant's services.

20. Denied.

21. Denied.

22. Denied.

23. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-22 inclusive of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 24.

25. Denied.

26. Denied.

27. Denied. Defendant states further in support of Count I of the Counterclaims that Plaintiff's wrongful use and misappropriation of Defendant's mark AFTERMATH in connection with Plaintiff's services creates a likelihood of confusion, mistake, or deception with the consuming public of Defendant's services.

28. Denied.

29. Denied.

30. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-29 inclusive of the Complaint.

31. Admitted.

32. Admitted.

33. Denied.

34. Denied.

35. Denied. Defendant states further in support of Count I of the Counterclaims that Plaintiff's wrongful use and misappropriation of Defendant's mark AFTERMATH in connection with Plaintiff's services creates a likelihood of confusion, mistake, or deception with the consuming public of Defendant's services.

36. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-35 inclusive of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-40 inclusive of the Complaint.

42. Denied. Defendant further states that Defendant's AFTERMATH mark is distinctive throughout the United States.

43. Denied.

44. Denied.

45. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-44 inclusive of the Complaint.

46. Denied.

47. Denied. Defendant states further in support of Count I of the Counterclaims that Plaintiff's wrongful use and misappropriation of Defendant's mark AFTERMATH in connection with Plaintiff's services creates a likelihood of confusion, mistake, or deception with the consuming public of Defendant's services.

48. Denied.

49. Denied.

50. Denied.

51. Defendant repeats and incorporates by reference its response to the allegations contained in Paragraphs 1-50 inclusive of the Complaint.

52. Admitted that the Defendant applied for a federal trademark registration of AFTERMATH on February 4, 2002. Defendant denies that Defendant's counsel made any such declaration. The Court is respectfully referred to the quoted document for a complete and accurate description of its contents. To the extent the averment alleges any other facts, they are denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-55 inclusive of the Complaint.

57. Defendant admits that it conducts trade or commerce in Massachusetts. To the

extent that the averment alleges any other facts, they are denied.

58. Denied.

59. Denied.

## AFFIRMATIVE DEFENSES

As and for its further and separate affirmative defenses to the Complaint, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Counts I-VIII of the Complaint fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because remedies at law are adequate.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has prior rights in the AFTERMATH® trademark.

Defendant reserves the right to identify additional defenses as warranted after discovery.

## COUNTERCLAIMS

Defendant for its counterclaims against Plaintiff, states as follows:

1. Defendant, Aftermath, Inc., is an Illinois corporation with its principal place of business at 10200 South Mandel Road, Plainfield, Illinois.

2. Upon information and belief, Plaintiff, Aftermath Cleaning Company, Inc., is a Massachusetts corporation with a principal place of business at 9 Bristol Street, Mansfield, Massachusetts.

3. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§1331, 1332, 1338 and 1367.

4. This Court has personal jurisdiction over Plaintiff in connection with these counterclaims by virtue of Plaintiff's filing of its Complaint before this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## COUNT I - TRADEMARK INFRINGEMENT

6. Defendant is the registered owner of United States Trademark Registration No. 2,706,559 for the mark AFTERMATH in International Class 40 for "decontamination of hazardous material, hazardous material removal and disposal, and property cleanup; decontamination and sanitation of crime and accident scenes."

7. Defendant's federal registration on the Principal Register of the AFTERMATH mark is conclusive evidence of Defendant's exclusive right to use the mark, pursuant to the Lanham Act, 15 U.S.C. §1115.

8. Upon information and belief and by Plaintiff's own admission, Plaintiff specializes in cleaning and restoring biohazard sites at trauma and crime scenes.

9. Plaintiff's wrongful use and misappropriation of Defendant's mark AFTERMATH in connection with Plaintiff's services creates a likelihood of confusion, mistake, or deception with the consuming public of Defendant's services.

10. Plaintiff's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C §1114.

11. As a proximate result of Plaintiff's actions, Defendant has suffered and will continue to suffer damages to its business, goodwill, reputation, profits and the strength of its trademark. Defendant's injury is and continues to be irreparable. An award of monetary

damages cannot fully compensate Defendant for its injuries and Defendant lacks an adequate remedy at law.

11.     Plaintiff's acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

12.     Defendant is entitled to a permanent injunction against the Plaintiff, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, disgorgement of profits, costs and attorney fees.

## COUNT II - DEFAMATION

13.     Defendant incorporates by reference paragraphs 1 through 12 inclusive of the Counterclaims as if fully set forth herein.

14.     Upon information and belief, Michael Wiseman is affiliated with and is an employee, agent, and President of Plaintiff, Aftermath Cleaning Company, Inc.

15.     Upon information and belief, on or around April 26, 2005, Plaintiff, through Mr. Wiseman, contacted a potential client of Defendant in the Boston, Massachusetts area and stated that Defendant was not licensed to do business in the state of Massachusetts. Plaintiff made the misrepresentation in order to convince the client to switch their business to Plaintiff.

16.     Plaintiff's statements are false and untrue.

17.     Upon information and belief, Plaintiff was and is aware that Defendant was and is licensed to do business in the state of Massachusetts and that the representation was false.

18.     Upon information and belief, Plaintiff, through Mr. Wiseman and/or its other agents, have made other false and defamatory statements about Defendant in order to secure a commercial advantage for Plaintiff's business.

19. Plaintiff has made at least one false and defamatory statement to a member of the public with the knowledge that the statements were false, or with reckless disregard as to the falsity of the statement.

20. Upon information and belief, Plaintiff's false and defamatory statements have caused Defendant to suffer pecuniary losses in the form of loss of market share and loss of business.

21. Plaintiff's defamatory statements have injured the reputation of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that judgment be entered as follows:

A. That Plaintiff take nothing by reason of its Complaint, that the Complaint be dismissed with prejudice, and that judgment be entered in favor of Defendant;

B. That Defendant be awarded the costs of suit and reasonable attorneys' fees incurred in connection with the defense of this action;

C. That the Court enter judgment for the Defendant and against the Plaintiff in accordance with Count I of the Counterclaims and find that Plaintiff's actions constitute trademark infringement and entering a permanent injunction against Plaintiff's continued use of the trademark AFTERMATH;

D. That the Court enter judgment for the Defendant and against the Plaintiff in accordance with Count II of the Counterclaims and that Plaintiff's misrepresentations to Defendant's prospective clients constitutes defamation; and

D. For such other and further relief as the Court deems just and proper.

Date: July 29, 2005                                  Respectfully submitted,

                                                              Aftermath, Inc.
                                                              By its attorneys


                                                              _____/s/ Edward F. Perlman_____
                                                              Edward F. Perlman, BBO#394900
                                                              WOLF GREENFIELD & SACKS, P.C.
                                                              600 Atlantic Avenue
                                                              Boston, MA 02210-2206
                                                              (617) 646-8000
                                                              (617) 646-8646 (fax)

                                                              Michael A. Hierl
                                                              Kathryn E. Garipay
                                                              OLSON & HIERL, LTD.
                                                              20 North Wacker Drive
                                                              36th Floor
                                                              Chicago, IL 60606
                                                              (312) 580-1180
                                                              (312) 580-1189 (fax)