UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> AFTERMATH, INC., <br><br> Defendant. | CIVIL ACTION NO. 05-11302 NG |

### PLAINTIFF'S ANSWER TO COUNTERCLAIMS

The plaintiff, Aftermath Cleaning Company, Inc. ("Aftermath"), denies each and every allegation of the defendant's counterclaim except those allegations which are specifically admitted as set forth further below.

1. Admitted.

2. Denied.

3. The allegations in paragraph 3 are assertions of law rather than allegations of fact and, as such, require no response.

4. The allegations in paragraph 4 are assertions of law rather than allegations of fact and, as such, require no response.

5. The allegations in paragraph 5 are assertions of law rather than allegations of fact and, as such, require no response.

6. The plaintiff admits that defendant is the owner of United States Trademark Registration No. 2,706,589 and further answering, the plaintiff states that the registration speaks

for itself. Plaintiff denies any allegations that are inconsistent with the content of that registration.

7. The allegations in paragraph 7 are assertions of law rather than allegations of fact and, as such, require no response.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Plaintiff incorporates by reference paragraphs 1 through 12 above as specifically set forth herein.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

First Affirmative Defense

Counts I and II of the Counterclaim fail to state claims upon which relief can be granted.

Second Affirmative Defense

Defendant's counterclaims are barred by estoppel.

### Third Affirmative Defense

Plaintiff has prior senior rights to the Aftermath trademark in Massachusetts, Rhode Island, Connecticut and New Hampshire.

### Fourth Affirmative Defense

Defendant's counterclaims are barred by laches, waiver, acquiescence and unclean hands.

### Fifth Affirmative Defense

The defendant's trademark registration for "Aftermath" was improperly procured and is invalid.

The plaintiff reserves the right to identify additional defenses as warranted after discovery.

Respectfully submitted,

AFTERMATH CLEANING COMPANY, INC.

By its attorneys,

_____
Brenda M. Cotter (#548004)
Samantha L. Gerlovin (#652389)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

Dated: August 2, 2005

## CERTIFICATE OF SERVICE

I, Brenda M. Cotter, counsel for the plaintiffs, do hereby certify that on this day, August 2, 2005, I served a copy a copy of the foregoing Plaintiff's Answer to Counterclaims by hand to counsel for the defendant:

                              Edward F. Perlman, Esq.
                              Wolf, Greenfield & Sacks, P.C.
                              600 Atlantic Ave.
                              Boston, MA 02210-2266

                              _____
Dated: August 2, 2005             Brenda M. Cotter

# 1379928 v1 - cotterbm - 025173/0001