UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., )<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>AFTERMATH, INC., )<br>        Defendant. ) | Civil Action No. 05-11302-NG |

## DEFENDANT'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

Defendant, Aftermath, Inc., moves this Court for an order expediting discovery by:

(a) Requiring Plaintiff, Aftermath Cleaning Company, Inc., to respond to Defendant's First Set of Interrogatories to Plaintiff (attached as Exh. A) and Defendant's First Set of Requests to Plaintiff for the Production of Documents and Things (attached as Exh. B) within fifteen (15) days of the date of service; and

(b) Requiring Plaintiff and Affiants, Michael Wiseman, Mary Lou Walker Seitz and Stephen R. Raymond, to present themselves for oral deposition within ten (10) business days of Plaintiff's service of its responses to Defendant's First Set of Interrogatories to Plaintiff and Plaintiff's production of documents in response to Defendant's First Set of Requests to Plaintiff for Production of Documents and Things. The depositions shall be conducted at the offices of Wolf Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210-2206. The deposition of Plaintiff will be conducted through one or more of its officers, directors, managing agents, or other persons designated by Plaintiff as having the most knowledge regarding the subjects of Defendant's First Set of Interrogatories to Plaintiff and the documents produced in response to Defendant's First Set of Requests to Plaintiff for the Production of Documents

and Things and the matters set forth below pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**Matters for Deposition of Aftermath Cleaning Company, Inc. and Michael Wiseman**

1. Plaintiff's earliest use of the mark AFTERMATH and the extent of Plaintiff's geographical scope of use of the mark from the date of earliest use to the present broken down by city and state.

2. Plaintiff's advertising and marketing efforts, including but not limited to, the cost and distribution of advertising, goods and services marked in connection with the AFTERMATH mark.

3. Publicity about Plaintiff's business and services, including the identity of sources and the dates of publication.

4. Alleged instances of actual consumer confusion between the Plaintiff and the Defendant's use of the mark AFTERMATH.

5. Plaintiff's statements, as set forth in Plaintiff's affidavit of Michael Wiseman, concerning its alleged meeting with Defendant at the American Bio-Recovery Association conference on or about September 1999 in Las Vegas, Nevada.

6. Plaintiff's factual allegations, as set forth in Plaintiff's Affidavit of Michael Wiseman, including, without limitation, Plaintiff's allegations of Defendant's name selection, Plaintiff's promotion and advertising activities, instances of actual customer confusion and the Plaintiff's past relationship with the Defendant.

7. Mr. Wiseman's relationship with Affiants, Mary Lou Walker Seitz and Stephen R. Raymond.

**Matters for Deposition of Mary Lou Walker Seitz**

1. Ms. Seitz's factual allegations, as set forth in Plaintiff's Affidavit of Mary Lou Walker Seitz, including, without limitation, Plaintiff's and Ms. Seitz's allegations of confusion in connection with a bio-hazard clean up at a property owned by State Street Development Management Corporation on or about June 7, 2005.

2. Ms. Seitz's relationship and dealings with Plaintiff and Michael Wiseman, if any.

3. Ms. Seitz's relationship and dealings with Defendant, if any.

### Matters for Deposition of Stephen R. Raymond

1. Mr. Raymond's factual allegations, as set forth in Plaintiff's Affidavit of Stephen Raymond, including, without limitation, Plaintiff's and Mr. Raymond's allegations of confusion in connection with a death scene in Easton, Massachusetts on or about May 2005.

2. Mr. Raymond's relationship and dealings with Plaintiff and Michael Wiseman, if any.

3. Mr. Raymond's relationship and dealings with Defendant, if any.

In support of its motion, Defendant states as follows:

1. On or about July 27, 2005, Plaintiff filed Plaintiff's Motion for Preliminary Injunction seeking to enjoin Defendant from using Defendant's federally registered trademark AFTERMATH in the states of Massachusetts, Rhode Island, Connecticut and New Hampshire.

2. In support of Plaintiff's Motion for Preliminary Injunction, Plaintiff has made through its Motion and accompanying affidavits a number of factual allegations about

–3–

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

Plaintiff's and Defendant's relationship, activities involving the AFTERMATH mark, and alleged instances of customer confusion.

3. Defendant challenges the factual allegations made by the Plaintiff, including but not limited to allegations that the Plaintiff has established senior prior use rights in the geographical areas of Massachusetts, Rhode Island, Connecticut and New Hampshire and Plaintiff's alleged introductions to Defendant at the American Bio-Recovery Association meeting during September 1999.

4. In addition, Plaintiff's motion refers to published articles about Plaintiff's business as support for its Motion, but does not identify the source and date of the publications. Plaintiff also alleges several instances of customer confusion without specific evidentiary support.

5. Discovery into the factual basis of Plaintiff's factual allegations, including alleged instances of customer confusion, is essential to this dispute. It is imperative, in light of Plaintiff's pending Motion for Preliminary Injunction, that the requested discovery be conducted promptly so that this matter can be expeditiously resolved. Defendant has an interest in an expeditious resolution because it has a right to use its federally registered AFTERMATH mark without interference by the Plaintiff.

6. Issuance of a preliminary injunction against Defendant and in favor of Plaintiff would prevent Defendant from exercising its legitimate rights in its registered service mark and cause irreparable harm to the operation, reputation and goodwill in Defendant's business. Defendant's requested discovery is narrowly tailored and asks Plaintiff only to provide supporting evidence and documentation for the factual allegations made by the Plaintiff. The requested information is readily accessible to the Plaintiff.

–4–

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

7.     Defendant is entitled to know more about whether Plaintiff's Motion for Preliminary Injunction is based on supported facts or on unsupported self-serving statements.  The requested expedited discovery is necessary to ensure a full and complete hearing on Plaintiff's Motion for a Preliminary Injunction.

WHEREFORE, Defendant respectfully requests this Court to grant Defendant's Motion for Leave to Take Expedited Discovery, to order Plaintiff to timely respond to the accompanying Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Set of Requests to Plaintiff for the Production of Documents and Things, and to order Plaintiff, Michael Wiseman, Mary Lou Walker Seitz, and Stephen R. Raymond, to present themselves for oral deposition within ten (10) business days following Plaintiff's service of its responses to Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Set of Requests to Plaintiff for Production of Documents and Things.

–5–

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

Date:  August 10, 2005

Respectfully submitted,

Aftermath, Inc.
By its attorneys


/s/ Edward F. Perlman
Edward F. Perlman, BBO#394900
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000
(617) 646-8646 (fax)

Michael A. Hierl
Kathryn E. Garipay
OLSON & HIERL, LTD.
20 North Wacker Drive
36th Floor
Chicago, IL 60606
(312) 580-1180
(312) 580-1189 (fax)

–6–

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11302-NG |
| ) | |
| AFTERMATH, INC., ) | |
| Defendant. ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Aftermath, Inc., propounds to the Plaintiff, Aftermath Cleaning Company, Inc., the following interrogatories to be answered separately and under oath by Plaintiff through an officer or authorized agent on an expedited basis within fifteen (15) days.

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff" means Aftermath Cleaning Company, Inc., and/or its officers, directors, employees, agents, representatives, predecessors, divisions, parents, subsidiaries, related organizations and attorneys.

2. "Defendant" means Aftermath, Inc., and/or its officers, directors, employees, agents, representatives, predecessors, divisions, parents, subsidiaries, related organizations and attorneys.

3. "Person" or "persons" refers to natural persons, corporate and/or other business entities.

4. To "identify" a person means to state (a) the full name, residence address, present business affiliation, job title, description of job responsibilities and relationship with Plaintiff, if any, of

1

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

natural persons and (b) the legal name, business name, legal status, address of principal place of business and relationship with Plaintiff, if any, of corporate and/or other business entities.

5.  "Document" includes all matters defined or described in Rule 34(a)(1), Fed. R. Civ. P., including, without limitation, the original and any copy of any letter, telegram, memorandum, report, note, statement, forecast, summary of transcript of any telephone conversation or personal conversation or interview, diary entry, lab report or notebook page or the like, agreement (including any modification or revision thereof), invoice, shipping paper, purchase order, printed publication, drawing or sketch, graph, chart, brochure, summary of negotiations, press release, intraoffice or intercompany communication, routing slip or the like, promotional or advertising material, marginal comment appearing on any document, photograph, motion picture, sound reproduction, computer input or output or any other writing or recordation including drafts, revisions, foreign language versions or translations to English of any of the foregoing.

6.  To "identify" a document means (a) to describe in detail, whether or not it may be privileged, its nature, its date, its present location and custodian of the original and all copies, the names of its author and recipients of the original and all copies, and its title or subject matter; and (b) to state the full name and address of each individual named as an author or a recipient, together with his or her present or last known position and business affiliation or, for any firm or corporation named, its full address together with the name, address, and title of the official responsible for preparing or having custody of any such item. A copy of a document may be provided in lieu of identification as described above.

7.  In the event Plaintiff asserts that any document or thing of which the identity is requested

2

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

is privileged or otherwise not subject to production, Defendant requests that Plaintiff so state when identifying the document or thing and further provide the following information:

    a.    the date, identity, and general subject matter of each document in sufficient detail to understand the nature of the document;

    b.    the grounds asserted in support of the failure to produce the document;

    c.    the identity of each person (other than stenographic or clerical assistants) who participated in preparing the document;

    d.    the identity of each person to whom the contents of the document were communicated by copy, distribution, reading, or substantial summarization;

    e.    a description of any document or other material transmitted with or attached to the document;

    f.    the number of pages in the document; and

    g.    whether business or non-legal matter is contained or discussed in the document.

8. The terms "all" and "each" shall be construed either conjunctively or disjunctively as may be needed so as to bring within the scope of the discovery request any and all responses and documents that otherwise might be construed to be outside of its scope.

9. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request any and all responses and documents that otherwise might be construed to be outside of its scope.

10. These Interrogatories seek answers as of the date they are answered. Plaintiff should also supply any additional information relating in any way to these Interrogatories which is acquired by or which becomes known to Plaintiff up to and

3

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

including the time of trial promptly after such information is acquired or becomes known.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the parties, location, subject matter, date and billed amounts for all contracts or services performed by Plaintiff under the mark AFTERMATH from January 1, 1999 to the present in Massachusetts, Connecticut, New Hampshire and Rhode Island in connection with cleaning and restoring bio-hazard sites at trauma and crime scenes.

### INTERROGATORY NO. 2

Identify any and all instances of actual or possible confusion allegedly caused by Defendant's use of the mark AFTERMATH, identify all persons having knowledge thereof, and identify all documents related to such instances.

### INTERROGATORY NO. 3

State the circumstances surrounding Mr. Wiseman's alleged meeting with Mr. Reifsteck and Mr. Wilson at the 1999 American Bio-Recovery Association conference in Las Vegas, Nevada.

4

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

## INTERROGATORY NO. 4

For each answer to each interrogatory, identify the person(s) who drafted the answer, identify the person(s) consulted by the drafter to obtain the information on which the answers were based and identify the documents and records consulted to obtain the information.

Date:  August 10, 2005

Respectfully submitted,

Aftermath, Inc.
By its attorneys

/s/ Edward F. Perlman
Edward F. Perlman, BBO#394900
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000
(617) 646-8646 (fax)

Michael A. Hierl
Kathryn E. Garipay
OLSON & HIERL, LTD.
20 North Wacker Drive
36th Floor
Chicago, IL 60606
(312) 580-1180
(312) 580-1189 (fax)

5

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     Civil Action No. 05-11302-NG <br> ) |
| AFTERMATH, INC., | ) <br> ) |
| Defendant. | ) |

### DEFENDANT'S FIRST SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant, Aftermath, Inc., pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests Plaintiff, Aftermath Cleaning Company, Inc., to produce the documents and things hereinafter specified, on an expedited basis within fifteen (15) days from the date of service, for inspection, copying, reproduction, photographing, testing or sampling at the office of Olson & Hierl, Ltd., 20 North Wacker Drive, 36th Floor, Chicago, Illinois 60606, or at such other place as may be mutually agreed upon.

### I. INSTRUCTIONS AND DEFINITIONS

1. The Instructions and Definitions as set forth in Defendant's First Set of Interrogatories to Plaintiff served concurrently with this request to produce shall apply to this Request.

2. If any requested document is not produced or is withheld from production for any reason, provide the following information for each withheld document:

   a. the author(s), title(s), recipient(s), type of document, (e.g., letter, memorandum, etc.), general subject matter, date and number of pages;

    b.    the name, address and job description of each person to whom the contents of the document have been communicated;

    c.    the identification (as in paragraph 2(a)) of each document transmitted with or attached to the document withheld;

    d.    whether any business or non-legal matter is contained or discussed in the document, together with a description of any subject matter;

    e.    specify if any privilege is being asserted as to the withheld document; and

    f.    the Request No. that requests production of the document.

## II. REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1**

All documents supporting Plaintiff's contentions that Plaintiff has conducted business under the mark AFTERMATH in the states of Massachusetts, Connecticut, New Hampshire and Rhode Island in connection with cleaning and restoring bio-hazard sites at trauma and crime scenes, including invoices, billing statements and receipts.

**REQUEST NO. 2**

All documents supporting Plaintiff's alleged expenditures in promoting Plaintiff's services, including, but not limited to, representative samples of promotional goods, advertisements and receipts of expenditures.

**REQUEST NO. 3**

All documents showing any instances of actual or possible confusion on the part of customers,

- 2 -

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.

including correspondence, email print outs, call records, receipts and memoranda.

**REQUEST NO. 4**

All documents supporting Plaintiff's contention that Plaintiff has allegedly been damaged by Defendant's use of Defendant's registered trademark AFTERMATH, including evidence of lost sales and consumer deception.

**REQUEST NO. 5**

All documents that refer or relate to Defendant.

**REQUEST NO. 6**

All documents not previously produced, but identified in response to Defendant's First Set of Interrogatories to Plaintiff, or referred to for purposes of preparing a response to those interrogatories.

Date: August 10, 2005

Respectfully submitted,

Aftermath, Inc.
By its attorneys


/s/ Edward F. Perlman
Edward F. Perlman, BBO#394900
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000
(617) 646-8646 (fax)

Michael A. Hierl
Kathryn E. Garipay
OLSON & HIERL, LTD.
20 North Wacker Drive
36th Floor
Chicago, IL 60606
(312) 580-1180
(312) 580-1189 (fax)

- 4 -

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.