UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br> Plaintiff, <br> v. <br><br> AFTERMATH, INC., <br> Defendant. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO TAKE EXPEDITED DISCOVERY |

The plaintiff, Aftermath Cleaning Company, Inc. (the "Plaintiff"), hereby opposes the motions of the defendant, Aftermath, Inc. (the "Defendant"), for an extension of time to respond to the Plaintiff's Motion for a preliminary injunction and for leave to take expedited unilateral discovery. The Defendant has twice requested extensions of time to respond to the complaint and now seeks to delay providing any substantive response to the Plaintiff's motion for a preliminary injunction. Such delay is unwarranted and will cause substantial harm to the Plaintiff's trademark and business. The Defendant's efforts to obtain unilateral discovery before providing any substantive response to the motion are without justification and are simply an attempt to delay the proceedings, obtain further knowledge about, and inroads into, the Plaintiff's business, and exert financial pressure on the Plaintiff and its customers. The Defendant should first be required to file a response to the Plaintiff's motion for a preliminary injunction and come forward with any evidence that it has demonstrating senior rights to the mark. In further support of its opposition, the Plaintiff states as follows:

1.     The Plaintiff, Aftermath Cleaning Company, Inc. ("Aftermath") is a small business that has been providing biohazard, including post-trauma, clean-up services in Massachusetts, Rhode Island, New Hampshire and Connecticut (the "New England States")

under the trademark "Aftermath" since 1999. The Defendant, an Illinois-based company, has recently entered those same markets providing the same services under the name "Aftermath." Needless to say, actual consumer confusion has occurred and continues to occur. Accordingly, the Plaintiff has moved for a preliminary injunction.

2.      The Plaintiff filed a motion for preliminary injunction on or about July 27, 2005, as well as a memorandum and the affidavit of Michael Wiseman, the president of the Plaintiff, in support thereof. Two non-party witnesses, Mary Lou Walker Seitz and Stephen Raymond, also submitted affidavits regarding actual confusion[1] (collectively, the "Pleadings"). The Pleadings set forth substantial evidence of the Plaintiff's senior rights to the AFTERMATH trademark in the New England States.

3.      Rather than filing an opposition or other substantive response to the Pleadings, the Defendant waited the entire fourteen day period permitted for a response under Local Rule 7.1(B)(2) and filed a request for substantial unilateral discovery, in the form of interrogatories, document requests, and depositions directed at both the Plaintiff and non-party witnesses.[2] It is unnecessary, highly inefficient, unfair and unduly burdensome to conduct discovery at this stage of the proceedings.

4.      Pursuant to Fed. R. Civ. P. 26(d), a party shall not seek discovery from any source prior the parties' conferring pursuant to Rule 26(f). Courts typically do not grant leave to permit expedited discovery prior to the Rule 26(f) conference unless the party moving for such expedited discovery can demonstrate a "necessity" for expedited discovery. See, e.g., Notaro v.

---

[1] The Plaintiff also submitted the affidavit of Brenda Cotter authenticating certain web pages.

[2] This is the latest in a series of efforts to delay these proceedings. When the Plaintiff first served the Complaint, the Plaintiff's counsel was contacted by an attorney, Ronnette Leal McCarthy, who stated that she was representing the Defendant and asked for two extensions of time to respond to the demand letter served by the Plaintiff. Then, at the conclusion of these extensions, the Defendant's present counsel called and stated that he was representing the Defendant. (He reported that he was unaware of the requests of prior counsel.) He then asked for two extensions of time to respond to the Complaint. The Plaintiff assented to these requests but believes that this matter cannot be further delayed in light of the active confusion in the market and danger to the Plaintiff's trademark and business.

Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (noting that the court must protect the non-moving

party from "unfairly expedited discovery"). Courts have frequently denied requests for expedited

discovery, where the moving party failed to show its necessity or its urgency. See, e.g., In re

Fannie Mae Derivative Litig., 227 F.R.D. 142, 142-43 (D.D.C. 2005); Dimension Data N. Am.,

Inc. v. Netstar-1, Inc., 226 F.R.D. 528, 531-32 (E.D.N.C. 2005); Entertainment Tech. Corp. v.

Walt Disney Imageering, 2003 WL 22519440, at *5 (E.D.Pa. 2003); Qwest Communications

Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 420 (D.Col. 2003); Irish Lesbian and

Gay Org. v. Giuliani, 918 F.Supp. 728, 730 (S.D.N.Y. 1996); Notaro, 95 F.R.D. at 405.

     5.     Here, the Defendant's request is unjustified and should be denied.  The

Defendant's sole justification for its expedited discovery request is that the Defendant "is entitled

to know more about whether the Plaintiff's Motion for Preliminary Injunction is based on

supported facts or unsupported self-serving statements."  This rationale is grossly insufficient to

warrant unilateral expedited discovery from a party filing a motion for a preliminary injunction

and from non-party witnesses.  Indeed, under this rationale, unilateral expedited discovery would

be allowed in every case where a party files a motion for substantive relief.

     6.     Likewise, the same rationale would warrant the Plaintiff's conducting expedited

discovery when the Defendant finally files its response.  If such discovery ensues, it is far more

sensible and efficient for it to be simultaneous rather than having a period of unilateral discovery

every time someone files a motion or opposition.

     7.     Before considering whether any discovery is warranted, both the Court and the

Plaintiff are entitled to know what, if any, facts the Defendant can proffer to dispute the

testimony and documents proffered by the Plaintiff and non-party witnesses.  In particular, the

Defendant should be required to demonstrate its claim of senior rights. Then, and only then, should bilateral discovery be considered if it is necessary.

8.    The Plaintiff's Preliminary Injunction Pleadings are thorough and set forth substantial evidence, including four affidavits and numerous documents in support thereof. The Defendant does not need to conduct discovery to be able to prepare a substantive reply to the Pleadings.

9.    The central dispute in this case is who has senior rights to the mark "Aftermath" in the New England States. The Defendant has not disputed that it has begun doing business in these states. Likewise, there is no question that the marks and services and channels of trade are identical. If the Defendant has evidence of senior rights, it should be required to come forward with that evidence before embarking on a fishing expedition calculated to delay these proceedings and to make further inroads in the Plaintiff's business. If the Defendant is permitted to pursue this track, much more confusion will occur and the Plaintiff's trademark and business may be irretrievably damaged.

10.    Moreover, it would unfairly disadvantage the Defendant to permit unilateral discovery at this point. Although the Plaintiff clearly set forth its arguments and evidence in support of a preliminary injunction in the Pleadings, the Defendant has not yet filed any substantive response to the Pleadings, and the Plaintiff has no knowledge of the issues or evidence that the Defendant will ultimately raise in such a response.

11.    If any discovery is ultimately found to be necessary in connection with the request for a preliminary injunction, it would be most efficiently and fairly conducted following the Defendant's filing of a substantive reply to the Plaintiff's Preliminary Injunction Pleadings, when the parties could conduct such discovery simultaneously. Such a coordinated discovery

effort would be more efficient, less burdensome, and fairer to the parties since the disputed issues would be identified. Once the Defendant files its substantive response to the Pleadings, the Court can determine whether any expedited bilateral discovery effort is necessary. If such discovery is ultimately conducted and unearths additional facts or issues, the parties could file supplemental pleadings setting forth such information for the Court.

12.     In addition, the scope of discovery and nature of relief requested by the Defendant is improper.[3] For example, the Defendant, in the context of asking for expedited discovery, asks the Court to <u>order non-party witnesses</u> Mary Lou Walker Seitz and Stephen Raymond to appear for depositions at a particular time. If the Defendant is permitted to proceed with any discovery, it must be pursuant to the Federal Rules of Civil Procedure.

13.     Likewise, the discovery sought by the Defendant, which includes, but is not limited to, the identity and payment history of all of the Plaintiff's customers, would require an attorneys' eyes only confidentiality order. The allegation in this case is that the Defendant is trying to unfairly compete with the Plaintiff by misappropriating its trademark. If the Defendant could access the Plaintiff's customer lists and invoices, it would be further advantaged in its effort to improperly compete with the Plaintiff.

14.     If the Court were to determine at some point that expedited discovery in this case is appropriate, discovery should be permitted to both parties and the parties should have the benefit of knowing each party's position and evidence with respect to the Plaintiff's request for a preliminary injunction in order to make the discovery both fair and efficient.

15.     Trademark laws were intended to prevent precisely the type of consumer confusion that has occurred and is occurring here. The Plaintiff is suffering irreparable damage

---

[3] The Plaintiff expressly reserves the right to object to individual document requests, definitions, the scope of deposition topics, and interrogatories propounded by the Defendant according to the Rules of Civil Procedure when and if such discovery requests are properly served.

to its trademark and business and asks the Court to brook no further delay in this urgent matter. The Defendant should be required to come forth immediately with any evidence that it has to refute the Plaintiff's submission, including specifically any evidence that it has senior rights to the mark "Aftermath" in the New England States.

WHEREFORE, the Plaintiff respectfully requests that the Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction and For Leave to Take Expedited Discovery be denied.

The Plaintiff requests a hearing on this motion.

Respectfully submitted,

AFTERMATH CLEANING COMPANY, INC.

By its attorneys,

Brenda M. Cotter (#548004)
Samantha L. Gerlovin (#652389)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

Dated: August 11, 2005

6

## CERTIFICATE OF SERVICE

I, Samantha L. Gerlovin, counsel for the Plaintiff, do hereby certify that on this day,

August 11, 2005, I served a copy a copy of the foregoing Plaintiff's Opposition to Defendant's

Motions for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction and

for Leave to Take Expedited Discovery to counsel for the Defendant:

> **Via First Class Mail**
> Edward F. Perlman, Esq.
> Wolf, Greenfield & Sacks, P.C.
> 600 Atlantic Ave.
> Boston, MA 02210-2266
>
> **Via Federal Express**
> Michael A. Hierl, Esq.
> Olson & Hierl, Ltd.
> 20 N. Wacker Drive
> 36th Floor
> Chicago, IL 60606

Samantha L. Gerlovin

Dated: August 11, 2005

# 1381802 v1 - GERLOVSL - 025173/0001

7