**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., )<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>AFTERMATH, INC., 　　　　　　　　)<br>　　　　　　Defendant. 　　　　　　) | Civil Action No. 05-11302-NG |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

　　　　Defendant, Aftermath, Inc., respectfully requests leave to file this brief reply to clarify certain mischaracterizations and overstatements made in Plaintiff's Opposition to Defendant's Motion for Leave to Take Expedited Discovery.

　　　　Despite waiting over a year to make its initial demands to the Defendant and file suit, Plaintiff now suggests to the Court that the matter is one of great urgency. Defendant has been using its federally registered service mark AFTERMATH on a national basis since at least as early as April 20, 1999.  Furthermore, Defendant has used the AFTERMATH mark in the New England states since at least as early as April 2004, a fact that Plaintiff readily admits in support of its own motion. (*See* Affidavit of Michael Wiseman, ¶35).  Thus by the time Plaintiff sent its demand letter to Defendant on June 22, 2005 and filed its Complaint the next day, Defendant had been operating in the New England states with Plaintiff's knowledge for at least 14 months.  Plaintiff's lack of expediency in such an allegedly urgent matter goes unexplained.

　　　　Plaintiff further attempts to distract from its own delay and false urgency by shifting blame for the delay to Defendant.  Plaintiff misleadingly suggests that Defendant has been intentionally delaying these proceedings in requesting a total of

four extensions.   In doing so, Plaintiff grossly overstates the facts.

Plaintiff's initial demand letter was dated June 22, 2005 and called for a response by June 30, 2005.  Despite repeated attempts, Defendant's corporate counsel was unable to reach Plaintiff's counsel by telephone and requested an extension of eight days to July 8th in order to respond to the demand letter.  A second extension for responding to the demand letter was requested for a period of 3 days to July 11th so Defendant could review the response over the weekend.  A total extension of eleven days was thus requested for responding to the <u>demand letter</u>.

A day after its initial demand letter and without waiting for a response, Plaintiff filed and served its Complaint on June 23, 2005.  Upon being retained during mid-July, Defendant's current litigation counsel requested an extension of fourteen days from July 13th to July 27th for responding to the Complaint.  Defendant's litigation counsel then asked for another two days to July 29th to discuss and review the Answer and Counterclaims with his client.  Defendant's litigation counsel thus requested an extension totaling sixteen days for responding to the Complaint.

The two extensions (totaling eleven days) referenced by the Plaintiff in connection with the demand letter are not even relevant to the pleading response deadline in these proceedings.  As for the two extensions of time for responding to the Complaint (which Plaintiff filed the day after its demand letter), these agreed upon extensions total only sixteen days.  It is difficult to understand how Plaintiff views a sixteen day extension requested by newly retained counsel as part of a "series of efforts to delay these proceedings".

It is common to permit reasonable discovery of a limited nature so a party can ascertain the facts needed to prepare an adequate response.  Plaintiff suggests that

any expedited discovery should be bilateral.  To date, Plaintiff has made no requests for discovery of any kind to Defendant.  At no point in these proceedings, has Defendant suggested that it would oppose reasonable and comparable requests for limited discovery by Plaintiff.

WHEREFORE, Defendant respectfully requests this Court to grant leave for Defendant to file this reply, grant Defendant's Motion for Leave to Take Expedited Discovery and deny Plaintiff's Opposition thereto.

Date:  August 16, 2005

Respectfully submitted,

AFTERMATH, INC.
By its attorneys

   /s/ Edward F. Perlman
Edward F. Perlman, BBO#394900
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000
(617) 646-8646 (fax)

Michael A. Hierl
Kathryn E. Garipay
OLSON & HIERL, LTD.
20 North Wacker Drive
36th Floor
Chicago, IL 60606
(312) 580-1180
(312) 580-1189 (fax)

–3–

Civil Action No. 05-11302-NG
Aftermath Cleaning Company, Inc. v. Aftermath, Inc.