UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br>     Plaintiff, <br> v. <br><br> AFTERMATH, INC., <br>     Defendant. | PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S MOTIONS FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO TAKE EXPEDITED DISCOVERY |

    The plaintiff, Aftermath Cleaning Company, Inc. (the "Plaintiff"), hereby moves this Court to permit it leave to file a brief surreply (the "Surreply") to address certain limited issues raised in the reply brief of the defendant, Aftermath, Inc. (the "Defendant"), to the Plaintiff's opposition to the Defendant's motions for an extension of time to respond to the Plaintiff's motion for preliminary injunction and for leave to take expedited unilateral discovery. The Plaintiff's Surreply is limited to addressing the specific issues raised in the Defendant's reply brief. A copy of the Plaintiff's proposed Surreply is attached hereto as <u>Exhibit A</u>.

                                            Respectfully submitted,

                                            AFTERMATH CLEANING COMPANY, INC.

                                            By its attorneys,

                                            <u>/s/ Samantha L. Gerlovin</u>
                                            Brenda M. Cotter (#548004)
                                            Samantha L. Gerlovin (#652389)
                                            BROWN RUDNICK BERLACK ISRAELS LLP
                                            One Financial Center
                                            Boston, MA 02111
                                            Tel: (617) 856-8200
Dated: August 17, 2005                 Fax: (617) 856-8201

2

CERTIFICATE OF SERVICE

I, Samantha L. Gerlovin, counsel for the Plaintiff, do hereby certify that on this day, August 17, 2005, I served a copy of the foregoing Plaintiff's Motion for Leave to File Surreply to Defendant's Motions for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction and for Leave to Take Expedited Discovery to counsel for the Defendant:

**Via Electronic Notice**
Edward F. Perlman, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Ave.
Boston, MA 02210-2266

**Via Federal Express**
Michael A. Hierl, Esq.
Olson & Hierl, Ltd.
20 N. Wacker Drive
36th Floor
Chicago, IL 60606

　　　　　　　　　　　　　　　　　　　　　／s／ Samantha L. Gerlovin

Dated:  August 17, 2005

# 1382983 v1 - GERLOVSL - 025173/0001

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br> Plaintiff, <br> v. <br> AFTERMATH, INC., <br> Defendant. | PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTIONS FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO TAKE EXPEDITED DISCOVERY |

The plaintiff, Aftermath Cleaning Company, Inc. (the "Plaintiff"), files this very brief surreply to address certain limited issues raised in the reply brief of the defendant, Aftermath, Inc. (the "Defendant"), to the Plaintiff's opposition to the Defendant's motions for an extension of time to respond to the Plaintiff's motion for preliminary injunction and for leave to take expedited unilateral discovery.

The Defendant requests expedited unilateral discovery and an extension of its time to reply to the Plaintiff's motion for an injunction[1], but suggests in its reply that bilateral discovery could also be ordered at this stage of the proceedings. Neither unilateral nor bilateral discovery would be fair or appropriate at this time because neither the Plaintiff nor the Court knows yet which factual or legal issues are in dispute. The Plaintiff will not be able to efficiently and appropriately frame its discovery requests until the Defendant submits a substantive response to the Plaintiff's motion for a preliminary injunction, and sets forth its own arguments and evidence in support of its position. To permit *any* discovery now, in the absence of any substantive submission by the Defendant, would require the Plaintiff to engage in a fishing expedition to

---

[1] The time in which the Defendant was required to respond to the motion expired on August 10, 2005.

1

determine exactly what issues and evidence the Defendant will be relying on. Furthermore, the Defendant currently has the benefit of a full exposition of the Plaintiff's position and substantial evidence in support of that position, whereas the Plaintiff has no detailed knowledge of the Defendant's substantive position or of which issues are in dispute. Thus, it would be both inefficient and grossly unfair to permit any discovery at this stage at the proceedings – whether unilateral or bilateral.[2]

Further extensions to the Defendant's time to respond or the allowance of either serial expedited unilateral discovery periods or bilateral expedited discovery before the issues are identified and joined are without justification and will only delay these proceedings. The Defendant attempts to distract the Court from its continued efforts to forestall having to provide any substantive defense to the Plaintiff's motion by accusing the Plaintiff of delay. These accusations are unfounded. As described in the affidavit of Michael Wiseman ("Wiseman Aff."), filed in connection with the Plaintiff's motion for a preliminary injunction, when Mr. Wiseman, the president and founder of Aftermath, first learned in 2004 that the Defendant had performed a job in one of the states in which Aftermath operates, he immediately contacted the Defendant in an attempt to informally and amicably resolve the matter. Wiseman Aff. at ¶ 38. Mr. Wiseman left that conversation under the impression that this had been an isolated incident and that the Defendant was not going to be a presence in the New England States.[3] Id. Mr. Wiseman heard nothing further from or about the Defendant's soliciting or conducting business in the New England States until Spring 2005, at which point the Plaintiff moved quickly to protect its trademark, customers and business. Id. at ¶ 38-39.

---

[2] The Plaintiff does not dispute that a limited period of bilateral discovery in connection with the Plaintiff's motion for a preliminary injunction _may_ ultimately be appropriate, however, it would only be appropriate *after* the Defendant has filed a substantive response to the Plaintiff's motion and affidavits. At that point, the legal and factual issues in dispute will be identified, and the issues can be efficiently and expeditiously addressed.

[3] The "New England States" are Massachusetts, Rhode Island, Connecticut and New Hampshire.

Any discovery – unilateral or bilateral – would be inefficient, unfair, and inappropriate at this stage. The Defendant should be required to respond substantively to the Plaintiff's motion for a preliminary injunction before the Court determines whether expedited discovery is necessary. The Plaintiff has been diligent in seeking to resolve this matter through the proper legal avenues. In light of the multiple instances of actual confusion that have occurred and are continuing to occur, any delay in the determination of the Plaintiff's request for injunctive relief will cause additional harm to the Plaintiff's trademark and business. Accordingly, the Plaintiff requests that the Court permit no further delay and require the Defendant to immediately respond to the Plaintiff's request for injunctive relief.

Respectfully submitted,

AFTERMATH CLEANING COMPANY, INC.

By its attorneys,

/s/ Samantha L. Gerlovin
Brenda M. Cotter (#548004)
Samantha L. Gerlovin (#652389)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Dated: August 17, 2005                Fax: (617) 856-8201