UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

|  |  |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br>     Plaintiff, <br> v. <br> AFTERMATH, INC., <br>     Defendant. | JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER |

      The parties to this action, Aftermath Cleaning Company, Inc. and Aftermath, Inc., jointly ask the Court to enter the Stipulated Confidentiality and Protective Order attached as exhibit A. The parties request that the Court consider this motion in advance of the hearing scheduled for October 3, 2005 because the parties may be submitting or disclosing proprietary information at the hearing. The proposed Stipulated Confidentiality and Protective Order generally provides for two tiers of protection for confidential documents; those designated "highly confidential" may not be disclosed to parties while those labeled "confidential" may be disclosed to parties subject to certain limitations.

      As grounds for this motion, the parties state that such protections are necessary because the parties are competitors in the same business and access to certain of their competitor's proprietary information would likely provide an unfair competitive advantage.

WHEREFORE, the parties request that the Court enter as an order the proposed Stipulated Confidentiality and Protective order attached as exhibit A.

| AFTERMATH CLEANING COMPANY, INC. | AFTERMATH, INC., |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Brenda M. Cotter<br>Brenda M. Cotter (BBO #548004)<br>Samantha L. Gerlovin (BBO #)<br>BROWN RUDNICK BERLACK ISRAELS LLP<br>One Financial Center<br>Boston, Massachusetts  02111<br>(617) 856-8200 | /s/ Michael A. Hierl<br>Edward F. Perlman (BBO #394900)<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Ave.<br>Boston, MA 02210-2266<br>(617) 646-8000<br><br>- and -<br><br>Michael A. Hierl<br>OLSON & HIERL, LTD.<br>20 N. Wacker Drive<br>36th Floor<br>Chicago, IL 60606<br>(312) 580-1180 |

Date:  September 28, 2005

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

| | |
|---|---|
| AFTERMATH CLEANING COMPANY, INC., <br>     Plaintiff, <br> v. <br><br> AFTERMATH, INC., <br>     Defendant. | STIPULATED <br> CONFIDENTIALITY <br> AND PROTECTIVE ORDER |

It is HEREBY STIPULATED AND AGREED by and between the undersigned counsel and all parties herein, as follows:

1. This Order shall govern all documents and other discovery materials designated as "Confidential" and/or "Highly Confidential" and produced pursuant to any mandatory disclosure obligations or in response to any formal or informal discovery requests in these proceedings. This order shall govern, among other things, documents produced pursuant to Rules 26, 34 or 45 of the Federal Rules of Civil Procedure, answers to requests for admissions, answers to interrogatories, deposition and/or trial transcripts (both draft and final versions), deposition and/or trial testimony, all information contained therein, and all copies, excerpts or summaries thereof.

2. This Order shall also govern all documents and other discovery materials produced during discovery by any non-parties, but only where a non-party requests the protection provided by this Order.

      3.      By requesting the protection of this Order, no party or non-party shall waive its right to object to producing any document or other discovery materials.

      4.      For purposes of this Order, "Confidential" and "Highly Confidential" materials shall be disclosed only in accordance with paragraphs 7 and 8 of this Order.

      5.      Documents or other discovery material for which a claim of confidential or highly confidential status is made shall be designated by the Designating Party as "Confidential and/or "Highly Confidential" by stamping or typing the following designation prominently on the first page of such documents prior to their production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  A deposition may be designated confidential by the Designating Party stating orally on the record at a deposition or during the testimony that certain information is Confidential or Highly Confidential or that the entire transcript is so designated or following completion of the deposition the Designating Party, shall have fourteen (14) days after receipt of each volume to designate portions of the deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder.  Such designations shall be made only when the Designating Party has a good faith basis for making the designation.

      6.      In the event that any question is asked at a deposition in response to which a party asserts that such question calls for the disclosure of Confidential and/or Highly Confidential information, such questions shall nevertheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of and shall agree to the terms and conditions of this Order and all persons, other than the witness, his counsel if any, the reporters (including any camera operator/reporter in the case of any videotaped depositions), counsel for the parties in these cases, and any other persons to whom such information may be disclosed under paragraphs 7 and 8 herein, shall leave the room

during the time in which this information is disclosed or discussed.

7. Information designated as "Confidential" shall be used solely for the purposes of this action. No commercial or other use shall be made of the confidential information belonging to the Designating Party. "Confidential" status shall apply to non-public information and materials which the designating party treats or regards as confidential. Such information may include, but is not limited to, non-public research, development and/or manufacturing information, non-public patent applications and filings, current non-public pricing or cost information, trade secret processes or technical know-how, sales and profit information, customer lists, market analyses or research, business plans or strategies, salesmen's call reports or e-mail, competitive analyses, product evaluations or analyses or test results, consumer research and supplier information. "Confidential Materials" may be reviewed and copied by counsel of record for the receiving party, but shall not be disclosed to any other person except as set forth herein, or as otherwise agreed in writing between the parties. "Confidential Materials" may be disclosed only as follows:

> (i) to outside independent attorneys of record and of counsel, their associated attorneys, paralegals, and clerical staff employed in the preparation and trial of these actions;
>
> (ii) to parties;
>
> (iii) to a person requested by counsel to furnish technical or other expert services or to give testimony, or otherwise to prepare for the trial of these actions; provided that each person to whom the information is to be disclosed first shall be advised of and agree in writing to the terms and conditions of this Order (such agreement in writing to take the form of Exhibit A hereto);
>
> (iv) to a witness at any deposition, hearing or trial in these matters (except that such witnesses shall not retain documents containing

such information subsequent to their testimony). Unless waived by the parties, prior to disclosing such information to a witness, a party must review the terms and conditions of this Order with the witness and obtain the witness' acknowledgment that he or she is bound by this Order; in addition, the witness should agree in writing to the terms and conditions of this order (such agreement in writing to take the form of Exhibit A hereto); and

  (iv) to court personnel and court reporters involved in this action.

8. Information designated as "Highly Confidential" shall be used solely for purposes of this action. No commercial or other use of "Highly Confidential" information belonging to the other designating party shall be made. "Highly Confidential" status shall only apply to confidential information and materials of a trade secret or competitively-sensitive nature, the disclosure of which to the non-designating party, its agents or employees, or other persons would provide a competitive advantage to or potentially cause irreparable business harm to the designating party. Such information includes, but is not necessarily limited to, current non-public research, current non-public pricing or cost information, trade secret processes or technical know-how, sales and profit information and customer lists. To qualify as "Highly Confidential", the information in question must have been kept confidential and been treated as confidential by the Designating Party prior to the time of its disclosure in this litigation. Highly Confidential information and materials may only be disclosed to the following persons without leave of Court (except as otherwise provided herein):

  (i) outside independent attorneys of record and of counsel and their associated attorneys, paralegals and clerical staff employed in the preparation and trial of these actions;

  (ii) court personnel and court reporters involved in this action; and

  (iii) outside independent experts retained by the parties who are not competitors of the disclosing party and who are not otherwise

        employed by or affiliated with the parties and who agree in writing to be bound by this protective order (such agreement in writing to take the form of Exhibit A hereto).

A party may not use any "Highly Confidential" document or information of the Designating Party to examine a non-party or party witness other than the Designating Party's own representatives or employees unless eight (8) days advance notice of such use is provided in writing to the Designating Party and the witness acknowledges and agrees either in writing or on the record of the deposition or trial to be bound by the terms of this protective order. Such notice shall specifically identify the "Highly Confidential" documents or information that may be used or disclosed at the deposition or trial. Upon receipt of such notice, the Designating Party shall have five (5) business days to object in writing to the use of Highly Confidential documents or information. If an objection is received within five (5) business days, the documents or information shall not be disclosed to the witness and the Designating Party shall have an additional five (5) business days to make a motion for good cause to the Court to prevent such disclosure or use. If no objection is made within five (5) business days, the documents or information may be reviewed by the witness named on the notice after executing the form of undertaking attached as Exhibit A. Otherwise, the documents or information at issue shall not be disclosed until further order of the Court.

       9.     If at any time a party objects to a designation of documents or information as "Confidential" and/or "Highly Confidential" under this Order, the objecting party may notify the Designating Party in writing. The notice shall identify the documents or information in question, and shall specify in reasonable detail the reason for the objection. The parties shall endeavor to resolve any such objections informally. If no resolution is achieved, the party objecting may move the Court for a ruling on the confidentiality of the information.

       10.    At the time of filing any "Confidential" and/or "Highly Confidential" materials

with the Court, the party filing such materials shall file and serve a notice of filing under seal.

11. Each party shall have responsibility, through counsel, to advise the Court and the Designating Party of any losses or compromises of the confidentiality of information of documents governed by this Order, and for ensuring compliance with the terms of this Order.

12. Within thirty (30) days, following the termination of this litigation or the Related Proceedings, counsel for each party shall return all "Confidential" and/or "Highly Confidential" materials to the Designating Party or at the party's option, destroy such materials, retaining no copies thereof. Outside counsel may retain litigation materials, but only after identifying such materials to opposing counsel. Such retained materials shall not be disclosed, however, to any parties following termination of the litigation.

13. Inadvertent production of any information, document or thing without it being marked "Confidential" or "Highly Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter and the same may be corrected with supplemental written notice.

14. If any party, person or entity receiving Confidential or Highly Confidential material receives a subpoena or other compulsory process from any person or entity seeking production or other disclosure or such materials, the Receiving Party shall give prompt written notice of that subpoena or process to the Designating Party. The purpose of this paragraph is to give the Designating Party an opportunity to intervene and object to the production. However, nothing hereunder will prevent a Receiving Party from complying with any subpoena or Court Order.

15. Nothing herein shall be construed as limiting in any way a party's use of its own Confidential or Highly Confidential documents.

16. This Court shall retain jurisdiction to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

Dated: September 27, 2005                    **PLAINTIFF,**
                                             AFTERMATH CLEANING COMPANY, INC.


                                             By:/s/Brenda M. Cotter
                                                 Brenda M. Cotter (#548004)
                                                 Samantha L. Gerlovin (#652389)
                                                 Brown, Rudnick, Berlack & Israels LLP One
                                                 Financial Center
                                                 Boston, MA 02111
                                                 Tel: (617) 439-2000

                                                 - and -


Dated: September 27, 2005                    **DEFENDANT,**
                                             AFTERMATH, INC.


                                             By:/s/Edward F. Perlman
                                                 Edward F. Perlman (BBO#394900) WOLF
                                                 GREENFIELD & SACKS, P.C.
                                                 600 Atlantic Avenue
                                                 Boston, MA 02210-2206
                                                 Tel: (617) 646-8000
                                                 Fax: (617) 646-8646

                                                 Michael A. Hierl
                                                 Kathryn E. Garipay
                                                 OLSON & HIERL, LTD.
                                                 20 North Wacker Drive
                                                 36th Floor
                                                 Chicago, IL 60606
                                                 Tel: (312) 580-1180
                                                 Fax: (312) 580-1189

**SO ORDERED**

Dated: _____ , 2005
                                             _____
                                             Hon. Nancy Gertner
                                             United States District Court Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11302-NG

|  |  |  |
|---|---|---|
| AFTERMATH CLEANING COMPANY, INC., | ) ) ) | STIPULATED |
| Plaintiff, | ) | CONFIDENTIALITY |
| v. | ) ) | AND PROTECTIVE ORDER |
| AFTERMATH, INC., | ) |  |
| Defendant. | ) ) |  |

UNDERTAKING OF _____

STATE OF              )
                              ss:
COUNTY OF          )

I,_____ , being duly sworn, state that:

1. My address is _____

2. My current employer is _____ , whose address is

3. My current occupation or job description is _____

4. I have received a copy of the Stipulated Confidentiality and Protective Order entered in this case on_____ , 2003.

5. I have carefully read and I understand the provisions of the Stipulated Confidentiality and Protective Order.

6. I will comply with all of the provisions of the Stipulated Confidentiality and Protective Order.

8

7.      Specifically, I agree to use Confidential and/or Highly Confidential Information only in connection with this proceeding or in other actions involving the parties (but only to the same extent and under the same terms and conditions as such materials may be used in this action) and will hold in confidence, and not disclose to anyone not qualified under the Stipulated Confidentiality and Protective Order, all Confidential and/or Highly Confidential information.

8.      I further agree to return all Confidential and/or Highly Confidential information that comes into my possession (and any documents or things that I prepare relating thereto) to the attorneys for the Designating Party or the party whom I have assisted in this proceeding either before or upon the conclusion of this proceeding.

9.      I understand that if I violate the provisions of the Stipulated Confidentiality and Protective Order I will be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for such purposes.

_____
(Signature)

Sworn to before me this
This \_\_\_\_day of _____ , 2005


Notary Public
My Commission Expires:


# 1382872 v2 - cotterbm - 025173/0001